UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>– against –<br><br>ENRIQUE LEON,<br><br>Defendant. | 19-cr-00103<br><br>Statement of Reasons Pursuant to<br>18 U.S.C. § 3553(c)(2) |

JACK B. WEINSTEIN, Senior United States District Judge:

| Parties | Appearances |
|---|---|
| For United States | Jonathan Edgar Algor, IV<br>United States Attorney's Office<br>Eastern District of New York<br>271 Cadman Plaza East<br>Brooklyn, NY 11201<br>718-254-6248 |
| For Defendant | David Gordon (Appointed)<br>40 Fulton Street<br>23rd Floor<br>New York, NY 10038<br>212-772-6625 |

# Table of Contents

I. Introduction ........................................................................................................... 2

II. Instant Offense .................................................................................................... 2

III. Guilty Plea .......................................................................................................... 3

IV. Sentencing Hearing ............................................................................................. 3

V. Guideline Calculation and Statutory Minimum .................................................. 4

VI. Law ..................................................................................................................... 4

VII. 18 U.S.C. § 3553(a) Considerations ................................................................... 5

VIII. Sentence .............................................................................................................. 7

IX. Conclusion .......................................................................................................... 8

## I. Introduction

Enrique Leon ("Defendant" or "Leon") pleaded guilty to conspiracy to distribute and possess with intent to distribute 90 grams of cocaine, in violation of 21 U.S.C. §841(a)(1), 21 U.S.C. § 846, and 21 U.S.C. § 841(b)(1)(C). Presentence Investigation Report ("PSR") ¶ 1. He is before this court because of the poor choices he made, but his conduct cannot be detached from an upbringing that denied him the normal benefits of financial security, adequate education, and parental guidance. Now 39 years old, the question of how to sentence a man who has spent most of his adult life in the grip of the criminal justice system and has struggled with drug dependency issues is explained below.

## II. Instant Offense

Between August 2018 and November 2018, Leon was a street-level narcotics distributor. *Id.* Together with a co-conspirator, he completed many narcotics transactions with an undercover New York City Police Department officer, selling a total of 90 grams of cocaine in exchange for $4,000. *Id.* ¶¶ 8-9. On February 8, 2019 Leon was arrested at Rikers Island

Correctional Facility, where he was in custody on unrelated charges. *Id.* He has remained in custody since his arrest. *Id.*

**III.     Guilty Plea**

On April 4, 2019 Leon pleaded guilty to a one-count indictment: conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §841(a)(1), 21 U.S.C. § 846, and 21 U.S.C. § 841(b)(1)(C). *Id.* ¶ 1.

A guilty plea was accepted by the magistrate judge and again by this court.

**IV.     Sentencing Hearing**

A sentencing hearing was commenced on September 5, 2019. *See* Transcript of Criminal Cause for Sentencing, September 5, 2019 ("Sept. 5. Transcript"). The proceedings were videotaped to develop and preserve an accurate record of Defendant's body language and courtroom atmosphere. *See* 18 U.S.C. § 3553(a); *see also In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

Defendant's mother and sister were present. Both wept as they made emotional pleas to the court for leniency. They also told the court that his wife and 14-year old son, a star student, were also fully supportive of Defendant. The court wanted to hear directly from Defendant's wife and son. The hearing was adjourned until September 9, 2019 to make arrangements for family members to be heard and for further contemplation by the court on the serious penological questions raised by the case.

Awaiting sentence on September 9, Leon sat before the court with his mother, sister, wife and 2-year old son, who was resting on his lap, obviously affectionate towards his father. His 14-year old son could not attend. In his absence he wrote to the court, expressing unwavering love and support for Defendant. *See* Transcript of Criminal Cause for Sentencing, September 9,

3

2019 ("Sept. 9. Transcript"). Leon's sister also submitted a letter, expressing fondness for Defendant. The court observed that Defendant interacted warmly with his family members present.

V. **Guideline Calculation and Statutory Minimum**

Leon's base offense level is 14, since the instant offense involved between 50 and 100 grams of cocaine. U.S.S.G. § 2D1.1(c)(13); PSR ¶ 15. His bad criminal history category is VI, the maximum. *Id.* ¶ 43. Based on his previous convictions, including a 2005 conviction in Florida for aggravated assault, felony fleeing, and perjury, *id.* ¶ 35, the United States Probation Office ("Probation") initially found that Defendant is a career offender. *Id.* ¶ 44. It calculated his total adjusted offense level as 29, yielding a Guidelines imprisonment range of 151 to 188 months. *Id.* ¶ 93.

The government and Defendant disagreed with Probation's Guidelines calculation, based on the finding that Defendant's aggravated assault conviction in Florida was *not* a crime of violence, as initially determined in Probation's sentencing report. *See* Def. Sent. Mem. 10, ECF No. 43; *see also* Gov.'t Sent. Mem. 2, ECF No. 46. It was agreed by the government and Defendant that the appropriate total adjusted offense level is 12, yielding a Guidelines range of 30 to 37 months imprisonment. *Id.*

VI. **Law**

The United States Sentencing Guidelines ("Guidelines") are advisory, not binding. *United States v. Booker*, 543 U.S. 220 (2005). A district court may depart from the Guidelines after "consider[ing] all of the § 3553 factors" when it is in the interest of justice to do so. *Gall v. United States*, 552 U.S. 38, 49-50 (2007). The sentence shall be "sufficient, but not greater than necessary, to comply" with the Guidelines. *See* 18 U.S.C. § 3553(a). "After settling on the

appropriate sentence, [the district court] must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall*, 552 U.S. at 50.

## VII. 18 U.S.C. § 3553(a) Considerations

Leon, 39, was born in New York, New York. PSR ¶ 49. His parents were unmarried and separated shortly after his birth. *Id.* at 49. His biological father, a chronic substance abuser and criminal offender himself, was rarely present during his childhood and provided no emotional or financial support. *Id.* ¶ 54. Defendant has never had a meaningful relationship with his father. *Id.*

He was raised primarily by his older maternal half-sisters and his mother, who worked at several jobs to support the family financially. *Id.* The difficulties of growing up in a single-parent household in an environment plagued by inner-city blight were internalized by Defendant in describing his childhood as "hard". *Id.*

As a child, Leon was involved in an accident, requiring him to undergo skin grafts on his legs. *Id.* ¶ 68. When he was nine years old, he was sent by a Family Court judge to an all-boys facility for adjudicated juvenile delinquents on the recommendation of school officials who thought his placement at the facility was appropriate to deal with his "emotional problems". *Id.* ¶ 60. In 1998, when he was approximately 18 years old, he was stabbed in the right side of his head while intervening to save his epileptic brother from an assailant. The wound required 240 stitches to close. *Id.* ¶ 66.

Despite being incarcerated most of his adult life, Defendant has maintained a strong relationship with his immediate family. Leon was described by his mother as "loving, trusting,

and giving." *Id.* ¶ 50. She could not explain why he committed the instant offense, but suspects his addiction to Suboxone played a role. *Id.*

Leon has three children from relationships with three different women. *Id.* ¶¶ 56-59. He married his wife on May 30, 2017 at Rikers Island; a son, age 2, was born from this relationship. *Id.* ¶ 59. From 2012 to 2013, Defendant was in a relationship with another woman, which produced a child, now 6-years old. *Id.* ¶ 58. His 14-year old son was born to a third woman with whom he was in a serious relationship between 1999 and 2014. *Id.* ¶¶ 56-57. That child resides with his mother and excels in school. *Id.* ¶ 57.

Defendant has three maternal half-siblings and two paternal half-siblings. *Id.* ¶¶ 53-54. All are aware of the instant offense and remain supportive. *Id.*

Leon lacks a high school diploma. He reported having the equivalent of a ninth-grade education. *Id.* ¶ 77. When not incarcerated, he was employed intermittently, working at "off-the-books" jobs, *id.* ¶¶ 83-84, most recently as an automobile mechanic. *Id.* ¶ 83. He reported no assets or liabilities. *Id.* ¶ 87.

Leon is legally blind in one eye. *Id.* ¶ 68. He does not have any mental health impairments. *Id.* ¶ 69. He has dependency issues with Suboxone, although it has never been prescribed for him. *Id.* ¶ 73.

At the time of arrest, he had commenced enrollment in a drug treatment program. *Id.* ¶ 53. The treatment center advised that it is amenable to reconsidering his enrollment. *Id.* ¶ 74.

Leon has had a number of serious convictions. *Id.* ¶¶ 25-40. In 1995, when he was 15, he stole money from a victim in a violent robbery. *Id.* The victim was punched and kicked by Defendant, losing consciousness and suffering a broken arm. *Id.* ¶ 26. Defendant was adjudicated as a youthful offender and sentenced to one year in custody. *Id.* A rapid descent

into criminality followed. He was convicted for a drug offense shortly after his release at the age of 16. *Id.* ¶ 27. Additional convictions followed at the ages of 17, 22, 24, 25, 26, 31, 34, and 36, *Id.* ¶¶ 30-40, including one in 2004, when he was convicted of rape in the third degree. *Id.* ¶ 33.

## VIII. Sentence

In light of the circumstances of his offense, and his background and characteristics, the court is presented with the difficult issue of what should be done for and to him through sentencing. Is he at this age beyond saving, or is there a sentence that will allow Defendant to be reintegrated into society to lead a law-abiding and productive life? Given Leon's background, a longer term of incarceration can lead only to a greater risk of recidivism.

Based on the courtroom observation indicating that his family can rehabilitate him, incarceration is not now imposed. It is Leon's last chance.

Defendant is sentenced to time served plus ten days of incarceration. His incarceratory term of ten days will be revoked upon certification by Probation that he will be living with his family post-release. Leon is also sentenced to three years of supervised release. If he violates supervised release he will be sent to prison. The sentence is appropriate in light of the fact he committed the instant offense while addicted to Suboxone, has taken affirmative steps towards treatment, and has expressed remorse for his crimes and a desire to turn his life around with the help of his family. *See* Defendant's Letter to the Court, ECF No. 43-1 ("Leon Letter").

At sentencing, the court expressed its view that there seems to be a special affinity for Defendant by his family and vice-versa. Further criminality by Leon guarantees incarceration and separation from his loved ones. Neither he nor society is benefited by a longer term of incarceration. Leon should be encouraged by this sentence to lead a law-abiding and productive

life with his family. The adverse consequences of failing to seize the opportunity to turn his life around are known to him and his family.

Three years of supervised release will help reduce the risk that Defendant will reoffend by assisting him in securing legal employment and drug treatment. The conditions of his supervised release are those recommended by Probation. Probation may request the court impose additional conditions.

Since he will have to register as a sex offender, additional special conditions of supervised release include Defendant's complying with all sex offender laws, including applicable state and local laws.

No fine is imposed because of Defendant's inability to pay one. A $100 special assessment is imposed.

## IX. Conclusion

Respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. *See* 18 U.S.C. § 3553(a). General deterrence is satisfied by the felony conviction and its collateral consequences. Specific deterrence has been substantially achieved. Defendant has expressed genuine remorse and understands the consequences of future criminal activity. A longer prison sentence would not effectuate further deterrence.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: October 8, 2019
      Brooklyn, New York